# IN THE UNITED STATES DISTRICT COURT OF
# SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| DALTON MERRITT, | CIVIL ACTION NO. 1:21-cv-00067-DRC |
| Plaintiff, | JUDGE DOUGLAS R. COLE |
| v. | GATX CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SUR-REPLY OR STRIKE GATX'S REPLY BRIEF IN SUPPORT OF GATX'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| BASF CORPORATION, et al. | |
| Defendants. | |

GATX requests the Court deny Plaintiff's Motion (Doc. 34) because "no rare circumstances exist to justify a surreply." *Chris-Leef Gen. Agency, Inc. v. Rising Star Ins. Inc.*, No. 11-CV-2409-JAR, 2011 WL 5039141, at *1 (D. Kan. Oct. 24, 2011). After filing a 30-plus page Response in opposition to GATX's Motion for Judgment on the Pleadings, Plaintiff now seeks more briefing because he claims GATX raised three new issues in its Reply brief: (a) by implying that a common-law negligence claim must be *tethered* to an express HMTA/HMR provision to be substantively the same; (b) by citing to 49 C.F.R. § 171.1(d)(2); and (c) by arguing Plaintiff's allegations are implausible under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Doc. #34, ¶ 5.) Plaintiff's Motion should be denied as none of these amount to a *new issue* and "[t]he Court does not need additional briefing to determine the issues." *Bolson Materials Int'l, Inc. v. 3d Sys. Corp.*, No. 5:14CV01441, 2016 WL 5661613, at *7 (N.D. Ohio Sept. 30, 2016).

Each issue Plaintiff raises from GATX's Reply brief emphasizes points made in GATX's dispositive motion or responds to points in Plaintiff's Response. As for (a), Plaintiff misconstrues GATX's statement that "Count I includes a laundry list of alleged acts or omissions untethered to any specific provision of the HMTA" (Doc. 33 at PageID 366) to be a novel argument. That is

merely a re-phrasing of GATX's main argument that Plaintiff's state-law claims are preempted because they "impose[] requirements on GATX that are not substantively the same as those established by the HMTA." (Doc. 31 at PageID 148.) GATX's argument is the same no matter if the duties Plaintiff seeks to impose "exceed," "are not substantively the same as," or are "untethered to" the HMTA – such claims are preempted.

As to (b), Plaintiff again relies on a strained view to claim that GATX's citation to 49 C.F.R. § 171.1(d)(2) in its Reply is a new argument. GATX's Reply brief cites this subsection as an example of, and support for, the same point made throughout – that Plaintiff's allegations "expressly go beyond the HMTA/HMR." (Doc. 33 at PageID 367.) Section 171 is cited in Plaintiff's Complaint (*see e.g.,* Doc. 1, ¶ 33) and in GATX's Motion for Judgment on the Pleadings (Doc. 31 at PageID 158-159.) Plaintiff himself cites subparts of section 171 no fewer than seven times in his Response to GATX's dispositive motion. (*See* Doc. 32 at PageID 168, 181, 186, 188, 192-193.) There is not and could not be surprise by citing another subpart of the oft-cited code section in Plaintiff's Response to further support the main argument that Plaintiff had ample opportunity to address - that his allegations impose duties that are not substantively the same as the HMTA/HMR.

Finally, as for (c), GATX cited *Iqbal* in direct response to Plaintiff's citation to FRCP Rule 8 and his argument that his allegations adequately stated a claim under Federal pleading requirements. (Doc. 32 at PageID 180-182.) In its Reply, GATX argues Plaintiff's claims are not compliant with Federal pleading standards because any common-law duties must be *plausibly* consistent with the HMTA, which Plaintiff's claims are not. This is not a new argument or other evidence, but merely a reply to Plaintiff's response that his Complaint satisfies the Federal pleading standard.

In sum, Plaintiff's semantical arguments do not support additional briefing (a sur-reply and a sur-sur-reply) or striking GATX's Reply brief. The arguments made in GATX's Reply were not beyond the original motion and otherwise directly reply to arguments Plaintiff made in response thereto. For these reasons, we ask the Court to decline Plaintiff's invitation for further briefing on the straightforward issue that Plaintiff's claims against GATX are preempted because his common law claims impose duties beyond the HMTA.

Respectfully submitted,

/s/ *Megan Mersch*
Jonathan P. Saxton (0042280)
Megan E. Mersch (0095428)
RENDIGS FRY KIELY & DENNIS LLP
600 Vine Street, Suite 2650
Cincinnati, OH 45202
Telephone:    (513) 381-9200
Facsimile:    (513) 381-9206
JSaxton@Rendigs.com
MMersch@Rendigs.com

- and -

Edward Casmere (admitted *pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone:    (312) 471-8700
Facsimile:    (312) 471-8701
ecasmere@rshc-law.com
*Attorneys for Defendant GATX Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2021 a copy of the foregoing was filed electronically through the Court's CM-ECF filing system. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Megan E. Mersch*
Megan E. Mersch

2617632