# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| **DALTON MERRITT,** | ) |
| | ) **Case No. 1:21-cv-00067-DRC** |
| **Plaintiff,** | ) |
| | ) **Judge Douglas R. Cole** |
| - vs - | ) |
| | ) **DEFENDANT BASF CORPORATION'S** |
| **BASF CORPORATION, et al.,** | ) **ANSWER TO PLAINTIFF DALTON** |
| | ) **MERRITT'S COMPLAINT WITH JURY** |
| **Defendants.** | ) **DEMAND** |

For its Answer to Plaintiff Dalton Merritt's Complaint with Jury Demand, Defendant BASF Corporation ("BASF") admits, denies, and avers as follows:

1. BASF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. BASF admits that it is a foreign corporation registered to do business in the State of Ohio and can be served through its registered agent, CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.  BASF denies the remaining allegations in paragraph 2.

3. BASF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3, 4 and 5 and therefore denies them.

4. BASF denies the allegations in paragraph 6 to the extent the allegations are directed at BASF.  BASF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed to other defendants and therefore denies them.

5. BASF admits that it conducts business in this District and Ohio.  BASF denies the remaining allegations in paragraph 7 that are directed at BASF.  BASF lacks knowledge or

information to form a belief as to the truth of the allegations in paragraph 7 directed to other defendants and therefore denies them.

6. BASF admits that it leased tank car GATX031085 from GATX and that tank car GATX031085 left Geismar, Louisiana headed to Greenfield, Ohio. BASF denies the remaining allegations in paragraph 8.

7. In response to paragraph 9, BASF avers that the subject tank car contained LUPRANATE® T80 TYPE 1 ISOCYANATE. BASF denies the allegations directed at BASF in paragraph 9, and denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

8. BASF denies the allegations in paragraph 10.

9. BASF denies the allegations in paragraph 11 directed at BASF, and denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

10. BASF admits the allegations in paragraph 12.

11. BASF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13-23 and therefore denies them.

**COUNT I – AS TO DEFENDANT GATX CORPORATION: NEGLIGENCE**

12. Paragraphs 24-27 do not contain any allegations pertaining to BASF and therefore BASF makes no response. To the extent a response is required, BASF denies the allegations in paragraphs 24-27 only as they relate to BASF.

**COUNT II – AS TO DEFENDANTS GATX CORPORATION NEGLIGENCE PER SE – VIOLATIONS OF SAFETY STATUTE OR REGULATION**
**(Code of Federal Regulations and Safety Standards)**

13. Paragraphs 28-35 do not contain any allegations pertaining to BASF and therefore BASF makes no response other than to aver that this Count was dismissed with prejudice by the Court. To the extent a response is required, BASF denies the allegations in paragraphs 28-35 only as they relate to BASF.

### COUNT III – AS TO DEFENDANT BASF CORPORATION: NEGLIGENCE

14. In response to paragraph 36, BASF incorporates its answers to paragraphs 1 through 35 of Plaintiff's Complaint from above as if fully rewritten herein.

15. BASF denies the allegations in paragraph 37.

16. BASF denies the allegations in paragraph 38, including subparts a) through k).

17. BASF denies the allegations in paragraph 39.

### COUNT IV – AS TO DEFENDANT BASF CORPORATION: NEGLIGENCE PER SE – VIOLATION OF SAFETY STATUTE OR REGULATION (Code of Federal Regulations and Safety Standards)

In response to paragraphs 40-47, the Court dismissed Count IV with prejudice, and therefore, no response is necessary.

### COUNT V – AS TO DEFENDANT ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN: NEGLIGENCE

18. Paragraphs 48-50 do not contain any allegations pertaining to BASF and therefore BASF makes no response other than to aver that this Count was dismissed with prejudice. To the extent a response is required, BASF denies the allegations in paragraphs 48-50 only as they relate to BASF.

### COUNT VI – ILLINOIS CENTRAL RAILROAD d/b/a/ CN: VIOLATION OF SAFETY STATUTE OR REGULATION

19. Paragraphs 51-56 do not contain any allegations pertaining to BASF and therefore BASF makes no response other than to aver that this Count was dismissed with prejudice. To

the extent a response is required, BASF denies the allegations in paragraphs 51-56 only as they relate to BASF.

## DAMAGES

20. BASF denies the allegations in paragraph 57 to the extent the allegations are directed at BASF. BASF lacks knowledge or information sufficient to form a belief as to the truth of remaining allegations in this paragraph and therefore denies them.

21. BASF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 58-62 and therefore denies them.

22. BASF denies the allegations in paragraph 63 to the extent the allegations are directed at BASF. BASF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

23. BASF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

24. Paragraph 65 contains Plaintiff's prayer for relief. To the extent a response is required, BASF denies the allegations in this paragraph. BASF denies that Plaintiff is entitled to any relief from BASF and denies any liability for any alleged injuries or damages of Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted against BASF.

### SECOND AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Plaintiff's claims are barred, in whole or in part, because of his contributory negligence.

4856-6869-5139

### THIRD AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff's claims are barred, in whole or in part, because he assumed the risk of his actions that resulted in his alleged injury and/or damages.

### FOURTH AFFIRMATIVE DEFENSE
### (Causation by Third-Party)

Plaintiff's claims are barred, in whole or in part, because his alleged injury and/or damages were caused by third parties over which BASF has no control.

### FIFTH AFFIRMATIVE DEFENSE
### (Causation by Fellow Servant)

Plaintiff's claims are barred, in whole or in part, because his alleged injury and/or damages were caused by a fellow servant.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, because of the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

Plaintiff's claims are barred, in whole or in part, because of an intervening or superseding cause beyond BASF's control or responsibility.

### NINTH AFFIRMATIVE DEFENSE
### (Own Acts and Omissions)

Plaintiff's claims are barred, in whole or in part, because he is estopped from obtaining the relief he seeks because of his own acts and omissions.

## TENTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiff's claims are barred, in whole or in part, because he released his right to recover the relief he seeks.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Aggravation of Harm)

Plaintiff's claims are barred, in whole or in part, because he is responsible for aggravating the alleged harm.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Not a Substantial Contributing Factor)

Plaintiff's claims are barred, in whole or in part, because BASF's conduct was not a substantial contributing factor in causing his alleged injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Custody and Control)

Plaintiff's claims are barred, in whole or in part, because railcar GATX031085 was outside BASF's custody and control at the time of the alleged incident.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Laws and Regulations)

Plaintiff's claims are barred, in whole or in part, because BASF complied with all applicable laws and regulations that preempt or otherwise control or set forth the applicable standard of conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiff's injuries and damages, if any, were the direct and proximate result of the sole negligence of other parties or entities, whether parties to this action or not, over which BASF had no control.  Further, any alleged negligence of BASF, which is herein denied, was not the proximate cause of the injuries or losses claimed by Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Foreseeability)

Any alleged injuries and/or damages suffered by Plaintiff were not reasonably foreseeable to BASF. Further, Plaintiff used the alleged product in a manner that was not foreseeable and this misuse, abuse, or substantial alternation of the product was the proximate cause of Plaintiff's injury.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Duty and/or Defect and/or Privity)

The product at issue is/was not defective in manufacture, design or formulation and BASF had no duty to Plaintiff.  Further, any claims may be barred by lack of privity.

## TWENTIETH AFFIRMATIVE DEFENSE
### (State of the Art)

At all relevant times, BASF's conduct conformed to the "state of the art" of the industry, and therefore BASF cannot be held liable for any unknown or undiscoverable danger associated with the use of the product at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Apportionment and Contribution)

BASF is entitled to an apportionment of liability to or contribution from other parties and non-parties to this action.

4856-6869-5139

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff's claims may be barred in whole or in part due to the failure to join necessary and/or indispensable parties.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Informed Intermediary/Learned Intermediary Doctrines)

If Plaintiff was injured by any product manufactured or distributed by BASF, such produced was intended for, and sold to, a knowledgeable and sophisticated purchaser, distributor, employer, user and/or learned intermediary over whom BASF had no control and who was fully informed as to the risks and dangers, if any, of the product.  The distributors and other intermediaries packaged, repackaged, or labeled and marked the products.  By reason thereof, BASF had no duty to warn Plaintiff or to further warn the knowledgeable user and/or learned intermediary of the risks and dangers, if any, associated with the product; and whatever injury, if any, Plaintiff sustained was proximately caused by the failure of the knowledgeable user of the product to use it for the purpose for which, and in the manner in which, it was intended to be used, and to adequately warn and instruct Plaintiff concerning the product and dangers and risks, if any, associated with it.  Plaintiff's claims are therefore barred by the learned intermediary, informed intermediary, and/or sophisticated user doctrines.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Sophisticated User)

Plaintiff, and other entities, including but not limited to Plaintiff's employers, were knowledgeable, informed, and sophisticated concerning the use of any products purchased by them from BASF, and were fully informed, knowledgeable and sophisticated with respect to any alleged risks to the health of Plaintiff associated with the use of said products, the fact of which is expressly denied by BASF.

8

4856-6869-5139

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Preemption)

To the extent that Plaintiff asserts claims based on BASF's alleged adherence or lack of adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal laws including but not limited to the Hazardous Materials Transportation Act, 49 U.S.C. §§ 5101-5127 and the Hazardous Material Regulations, 49 C.F.R. §§ 171-180.605, and the rules and regulations promulgated thereunder.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reductions)

BASF states that should it be found liable to Plaintiff, then in such case, the trier of fact shall consider all reductions, adjustments and charge-offs from the Plaintiff's medical bills and any relevant collateral benefits that have been paid and/or received by Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Tort Reform)

BASF incorporates by reference the defenses, caps, requirements, limits and other statutory protections and requirements of the Tort Reform Statutes of 2003 and 2005, and any other similar, comparable, and/or applicable law as though fully and completely rewritten herein.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Other Defenses)

BASF incorporates any and all defenses available under Civil Rules 8 and 12 as if fully rewritten herein.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Reservation to Assert Additional Defenses)

BASF reserves the right to raise and assert additional affirmative defenses to the claims alleged in Plaintiff's Complaint as they become known or are revealed during the course of discovery and/or trial herein.

4856-6869-5139

Respectfully submitted,

*/s/ Andrea B. Daloia*
Timothy J. Coughlin (0019483)
Tim.Coughlin@thompsonhine.com
Andrea B. Daloia (0074016)
Andrea.Daloia@thompsonhine.com
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800

Briana Vollman (0101144)
Briana.Vollman@thompsonhine.com
**THOMPSON HINE LLP**
312 Walnut Street
Suite 2000
Cincinnati, OH 45204-4024
Telephone: (513) 352-6700
Facsimile: (513) 241-4771

*Attorneys for Defendant BASF Corporation*

4856-6869-5139

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2023, a copy of the foregoing was filed electronically, and that notice of this filing will be sent to registered parties by operation of the Court's electronic filing system.

                                                        */s/ Andrea B. Daloia*
                                                        *One of the Attorneys for*
                                                        *Defendant BASF Corporation*

4856-6869-5139