# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DALTON MERRITT,**

      **Plaintiff,**

      v.

**BASF CORPORATION et al.,**

      **Defendants.**

Case No. 1:21-cv-67

**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

Plaintiff Dalton Merritt has moved for leave to file an Amended Complaint. (Doc. 98). The proposed new complaint would add a request for punitive damages to his prayer for relief and offers some additional allegations about why Defendant BASF Corporation's practices warrant such damages. BASF opposes Merritt's motion, arguing that there is no good cause for the amendment and that the motion is futile. (Doc. 107). BASF has also moved to strike portions of Merritt's reply to BASF's opposition, or in the alternative for leave to file a surreply. (Doc. 111). For the reasons more fully set forth below, the Court **DENIES** the Motion to Strike, (*id.*), **GRANTS** the Motion for Leave to File a Surreply, (*id.*), and **GRANTS** the Motion for Leave to File an Amended Complaint, (Doc. 98).

## BACKGROUND

Merritt filed his original Complaint on January 29, 2021. (Doc. 1). There he alleges that, during his time as a chemical processing technician for Adient US, LLC, he was instructed to unload a railway tank car that BASF had leased from former

Defendant GATX Corporation and was using to ship Voranate TDI. (*Id.* at #3–4). Voranate TDI is a chemical product classified as a poison and is dangerous when inhaled. (*Id.* at #4). While Merritt unloaded the tank car, Voranate TDI began spraying from a valve on the car, dousing him. (*Id.*). Merritt alleges that, because of his exposure to Voranate TDI that day, he has suffered "long-term and likely permanent impairment that can reasonably be expected to adversely affect his future employment prospects." (*Id.* at #14).

In his original Complaint, Merritt brought negligence and negligence per se counts against each of three defendants: (1) BASF Corporation, (2) GATX Corporation, and (3) Illinois Central Railroad Company. (*Id.* at #5–13). On June 4, 2021, Merritt voluntarily dismissed Illinois Central Railroad Company from the case. (Doc. 27). And on May 3, 2023, this Court granted in part BASF's Motion to Dismiss, (Doc. 26), and GATX's Motion for Judgment on the Pleadings, (Doc. 31), dismissing entirely the two counts for negligence per se and limiting Merritt's remaining negligence counts to alleged violations of specific Hazardous Materials Transportation Act (HMTA) or Hazardous Material Regulations (HMR) provisions, (Doc. 37, #399–400).

The case then proceeded to discovery. The present motion arises from facts Merritt allegedly learned during that discovery, specifically that "BASF knowingly violated Federal Hazardous Material Regulations by falsifying tank car GATX31085's Shipper's Certification." (Doc. 98, #1819). According to Merritt, BASF allegedly violated 49 C.F.R. § 172.204 when it placed Carl William Drum's signature on the

2

Shipper's Certification without Drum's knowledge and without him personally inspecting the tank car. (*Id.* at #1825–27). Merritt traces his discovery of this information to the January 30, 2024,[1] deposition of Drum and follow-up written discovery and communications with BASF that extended through September of that year. (*Id.* at #1827–29; Reply to BASF's Opp'n to Mot. for Leave, Doc. 109, #4827–29). According to Merritt, he intended to file the present motion in December 2024 but was further delayed by confidentiality issues relating to some of the documents he intended to include. (Doc. 109, #4830). While GATX gave its consent to file the documents on December 24, 2024, BASF did not provide a redacted version of its document until January 29, 2025. (*Id.*). He then filed this Motion for Leave to Amend the Complaint on February 12, 2025, adding a request for punitive damages to his prayer for relief. (*Id.*; Doc. 98). By then, more than a year had passed since the Calendar Order's cutoff of December 15, 2023, for amending the pleadings. (Doc. 47). After both parties briefed this motion, BASF moved to strike the portion of Merritt's Reply relating to Federal Rule of Civil Procedure 16(b), or, in the alternative, for leave to file a surreply arguing that Merritt neglected to discuss the 16(b) standard in his original motion. (Doc. 111, #5268).

Then, on March 4, 2025, Merritt dismissed GATX from this case as the result of a settlement. (Docs. 105–06). Thus, Count III—the narrowed negligence claim

---

[1] The parties disagree whether this deposition took place in January 2023 or 2024. (*See* Doc. 107, #2235; Doc. 109, #4827). While the transcript attached as Exhibit P to BASF's Opposition to the Motion for Leave does show the date of January 30, 2023, (Doc. 107-16), the Court agrees with Merritt that context makes clear that the deposition took place on January 30, 2024.

against BASF—is Merritt's only surviving claim. (Doc. 1, #8–10). And then, more recently, the two remaining parties cross-moved for summary judgment. Merritt, for his part, moved for summary judgment only on one issue—he asked the Court to rule that "Adient and Mr. Merritt's former co-employees are not liable in civil damages for their attempted 'emergency care or treatment.'" (Doc. 128, #9557). BASF, on the other hand, moved for summary judgment on Merritt's remaining negligence claim, (Doc. 131), and concurrently moved to exclude certain of Merritt's experts' opinions, (Doc. 130).

The Court now reviews Plaintiff's Motion to Amend the Complaint and Defendant's subsequent Motion to Strike the Reply or in the alternative, Motion for Leave to File a Surreply. The Court will address in a separate opinion the pending Motions for Summary Judgment and BASF's Motion to Exclude Expert Witnesses.

## LEGAL STANDARD

Typically, amending a complaint is not a difficult endeavor. Federal Rule of Civil Procedure 15 allows any "party [to] amend its pleading once as a matter of course" either "21 days after serving it" or the earlier of "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Beyond that, other amendments to the pleadings are allowed "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And courts are instructed to "freely give leave when justice so requires." *Id.*

But Rule 15's lenient "window of opportunity does not remain open forever." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). A court's

entry of a calendar order changes things. "Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Id.* Under that standard, a "plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Good cause requires diligence. *E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (explaining that a party's "diligence in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). And "whether [a party] could have acted to meet the proposed amendment deadline is how courts evaluate whether a party has been diligent under Rule 16." *Hearn v. Dick's Sporting Goods, Inc.*, No. 1:22-cv-329, 2023 WL 7298616, at *3 (S.D. Ohio Nov. 6, 2023) (emphasis removed). In other words, a party seeking to amend a pleading after a scheduling order deadline must "show that 'despite their diligence they could not meet the original deadline.'" *Profitt v. Highlands Hosp. Corp.*, No. 23-5965, 2024 WL 3622448, at *3 (6th Cir. Aug. 1, 2024) (quoting *Leary*, 349 F.3d at 907).

Carelessness is the flip side of that same coin; it "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Shane*, 275 F. App'x at 537 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Stated more bluntly, "[a] litigant's inattention or error is not good cause by

5

any standard." *Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) (citation omitted). Consistent with that, "[a] plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Profitt*, 2024 WL 3622448, at *4 (cleaned up) ("[A] party cannot show diligence when it is 'aware of the basis of a claim for many months' and fails to pursue that claim."); *Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x. 369, 376 (6th Cir. 2009) (finding plaintiff did not establish good cause when "the factual basis for the new claims existed at the beginning of the lawsuit" and plaintiff "could not adequately explain its delay in bringing the [new] claims").

Courts must also consider potential prejudice to the nonmovant before modifying the scheduling order to allow late amendment. *Leary*, 349 F.3d at 909 ("[I]n addition to Rule 16's explicit 'good cause' requirement, we hold that a determination of the potential prejudice to the nonmovant also is required."). Put differently, prejudice to the other party is "a consideration that informs whether [the movant] has satisfied the 'good cause' requirement." *Korn. v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010).

Finally, Courts may also consider futility when deciding whether to grant leave to amend. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002) ("[C]ourts may deny leave to amend when the amendment would be futile."). The touchstone for

6

assessing futility is whether the proposed amendment can survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While a "plausible" claim for relief does not require a showing of probable liability, it requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* That means the complaint must allege sufficient facts, taken as true, to allow the Court to "draw the reasonable inference that the defendant is liable." *Id.* And a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)).

## LAW AND ANALYSIS

**A. The Court Denies BASF's Motion to Strike but Grants Its Motion to File a Surreply.**

The Court begins with a bookkeeping matter. BASF moves to strike the portions of Merritt's Reply in support of his Motion to Amend the Complaint that relate to Federal Rule of Civil Procedure 16(b). (Doc. 111). BASF argues that because Merritt did not discuss Rule 16(b) in his original motion, these parts of the Reply improperly introduce new arguments. (*Id.* at #5268). In the alternative, BASF seeks leave to file a surreply "responding to the arguments first raised in Plaintiff's Reply." (*Id.*).

The Federal Rules of Civil Procedure "do not provide for a motion to strike documents other than pleadings." *United States ex rel. Kramer v. Doyle*, No. 1:18-cv-

373, 2023 WL 3243195, at *3 (S.D. Ohio May 4, 2023) (collecting cases); *see also* Fed. R. Civ. P. 12(f). "Instead, trial courts make use of their inherent power to control their dockets, when determining whether to strike documents or portions of documents." *Getachew v. Cent. Ohio Transit Auth.*, No. 2:11-cv-860, 2013 WL 819733, at *2 (S.D. Ohio Mar. 5, 2013) (citation omitted). Ultimately, then, the decision to strike is left to the Court's sound discretion. *Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 906 (6th Cir. 2006).

Here, exercising that discretion, the Court **DENIES** the Motion to Strike. To start, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Kemen v. Cincinnati Bell Tel. Co., LLC*, No. 1:22-cv-152, 2024 WL 1242295, at *4 (S.D. Ohio Mar. 22, 2024) (quoting *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). Beyond that, while Merritt did not cite to Rule 16(b) in his original motion, he did note the underlying facts that he claims supports his good-cause argument. In sum, the Court's preference for deciding matters on the merits leads it to conclude that striking is not warranted here.

That said, BASF is correct that Merritt did not explicitly discuss Rule 16(b) in his original motion, (Doc. 98), only addressing it in the Reply once BASF raised the correct legal standard in its Opposition to the Motion to Amend, (Doc. 107, #2222, 2233–34). For that reason, this Court **GRANTS** BASF Corporation's Motion for Leave to File a Surreply, (Doc. 111), and accordingly considers Defendant's attached Surreply, (Doc. 111-1), in deciding Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. 98).

**B.     The Court Grants Merritt's Motion for Leave to File an Amended Complaint.**

The Court finds that Merritt meets the good-cause requirement here, satisfying Rule 16. As further explained below, the Court agrees that Merritt's motion to add a request for punitive damages is based on a "[r]ecent discovery," (*id.* at #1819), of new information from (1) Drum's deposition, and (2) BASF's responses to follow-up written discovery, (Doc. 109, #4829). Whether that information actually shows that BASF violated HMRs, let alone did so with actual malice, is a question for another day. Additionally, Merritt's request for punitive damages is based on the same evidence that he intends to use to prove his case against BASF, limiting the additional burden placed on Defendant.

Start with the timing issue. The Court concludes that Merritt demonstrated sufficient diligence to meet Rule 16(b)'s good-cause standard. He filed the present motion within a couple of months of learning all the information he thought necessary to prove punitive damages—information that he did not have by the December 15, 2023, cutoff to amend the pleadings. And he filed only two weeks after BASF gave its consent on the use of certain confidential documents, all while discovery was still open. (*Id.* at #4834–35; Doc. 102). Moreover, while this Court recognizes that Merritt failed to *name* Rule 16 in his original motion, substance is more important than form. As noted, his motion sufficiently detailed the newly learned allegations that led to the amendments. So he set forth the facts to substantiate good cause, notwithstanding his failure to list the correct procedural standard. Could he have been more diligent in pursuing the information? Perhaps. But given the preference

9

for deciding cases based on their merits, the Court concludes that he has shown sufficient diligence to satisfy good cause.

Turn next to prejudice. BASF claims that the amendment will cause it prejudice, but the Court is not persuaded. According to BASF, if Merritt adds a punitive damages request, BASF "would be required to expend significant additional resources to conduct discovery," and the resolution of the case would be significantly delayed. (Doc. 107, #2235–36). But the only party that claims to need additional discovery is BASF; Plaintiff does not need more. And that "discovery" appears to consist largely, if not exclusively, of BASF talking to its own witnesses to gather some additional facts. Beyond that, as punitive damages is not really a "claim," but rather an additional form of relief that may be available if the plaintiff can establish certain facts relating to the underlying claim (e.g., actual malice), presumably the scope of any "new information" would be limited. The various parties' respective conduct surrounding the loading and transport of the Voranate TDI is already the central issue of this case. Presumably, then, the manner in which that conduct occurred is a topic the parties were already exploring. So taking a closer look at that conduct now does not really strike the Court as an "additional cost." True, if BASF could show that the delay in asserting that theory somehow *raised* the cost of that investigation, that may be a new cost. But merely doing discovery and investigation on a potentially meritorious claim, in and of itself, does not amount to prejudice. Likewise, on the delay front, as BASF is the only party who claims to need any new discovery, they can control the delay. No doubt it may have been better to seek leave to add this

10

damages theory sooner. But the Court found no undue delay, so again, any delay in exploring that new claim is not prejudicial to BASF. That said, if necessary, the Court will re-open discovery to allow BASF to obtain any information that it reasonably needs.

That leaves BASF's futility arguments. They also fall short. First, BASF argues that Merritt's punitive damages demand could not survive a motion to dismiss because punitive damages are derivative, and Merritt's claim relies in large part on an alleged violation of C.F.R. § 172.204, a regulation that Merritt expressly mentioned only in his now-dismissed negligence per se claim. (*Id.* at #2236–37). According to BASF, because Merritt's only remaining claim, Count III, does not specifically allege within its few paragraphs a violation of 49 C.F.R. § 172.204 as support for Merritt's negligence theory, that count cannot serve as the underlying basis for punitive damages. (*Id.*). That argument, though, suffers from several problems. For one, Merritt also bases his request for punitive damages on an alleged violation of 49 C.F.R. § 173.31, which Count III *does* mention. (Doc. 98-1, #1847). Second, the Amended Complaint does explicitly allege in paragraph 10 that BASF was required to comply with 49 C.F.R. § 172.204, and then Count III expressly incorporates each of the allegations set forth in the preceding paragraphs. (*Id.* at #1841, 1845). So it is something of a stretch for BASF to assert that Count III does not include the HMRs as a basis for the alleged negligence here.

That said, the Court agrees with BASF that punitive damages are in a sense a derivative theory. There is no such thing as a free-standing "claim" for punitive

11

damages. Rather, punitive damages are a theory of relief that may be available if a plaintiff proves an underlying claim, and then separately proves some set of additional facts (e.g., actual malice) relating to that claim. In other words, if Merritt cannot establish negligence based on BASF violating either of these two HMRs, then punitive damages will not be available to him.[2]

That in turn leads to BASF's second argument—BASF says that the undisputed facts show that its conduct did not violate either 49 C.F.R. §172.204 or 49 C.F.R. § 173.31. (Doc. 107, #2238). If correct, that would mean that Merritt cannot rely on such violations as a basis for his request for punitive damages. This argument strikes the Court as at least potentially meritorious based on the facts to which BASF points. On the other hand, Merritt spends much of his Motion for Leave to Amend arguing the opposite—that BASF did violate these HMRs. (Doc. 98, #1825–36). Rather than endeavor to sort that out here, the Court concludes that the better vehicle for addressing those competing accounts will be the Court's upcoming opinion on the parties' pending Motions for Summary Judgment. For now, the Court allows Merritt to amend his Complaint to include a request for punitive damages.

---

[2] Merritt also points to other CFRs as support for his negligence claim, (*see* Doc. 98-1, #1841), but does not allege that BASF acted with actual malice as to those violations. So, to the extent that he is successful in proving that BASF violated those other CFRs, he may be able to establish negligence. But, as pleaded, he would not have a request for punitive damages based on those other violations.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion to Strike (Doc. 111), **GRANTS** the Motion for Leave to File a Surreply (*id.*), and **GRANTS** the Motion for Leave to File an Amended Complaint (Doc. 98).

**SO ORDERED.**

September 30, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**